IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDDIE CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| DEPUTY DANNY J. WARE, ) | |
| DEPUTY JOSHUA JOHNSON AND ) | **JURY TRIAL REQUESTED** |
| JAILER JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the Plaintiff, in person and with the undersigned counsel, and for his cause of action against the Defendants, states as follows:

1. This is a civil action seeking money damages against the Defendants, Deputy Danny J. Ware, Deputy Joshua Johnson and John Doe Jailer, who are and were at all times relevant herein law enforcement officers for New Madrid County, for committing acts or failing to prevent acts, committed under the color of law, which deprived the Plaintiff of his rights secured under the Constitution and Laws of the United States.  The Plaintiff alleges that the Defendant, Deputy Danny J. Ware used excessive force, inflicting cruel and unusual punishment during the course of making an arrest and Deputy Joshua Johnson failed to stop Deputy Ware and that John Jailer conducted a strip search of the Plaintiff, who was booked in jail on a misdemeanor.

2. This action is brought pursuant to 42 U.S.C. §§ 1983 & 1988 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

3. This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1343 & 1331.

4. The Plaintiff is a natural person who resides in New Madrid County, Missouri.

5. The Plaintiff is a person aggrieved by the violation of his civil rights and brings this action pursuant to 42 U.S.C. §§ 1983 & 1988.

## PARTIES

6. The Defendant, Deputy Danny J. Ware, is a natural person.

7. At all times referred to herein, Defendant, Danny J. Ware (hereinafter "Ware"), was a duly employed Deputy Sheriff employed by the Sheriff of New Madrid County, Missouri.

8. Plaintiff sues Defendant Ware in his individual capacity.

9. At all times referred to herein, Defendant Ware acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, New Madrid County and the New Madrid County Sheriff, pursuant to his authority as a Deputy Sheriff.

10. The Defendant, Deputy Joshua Johnson, is a natural person.

11. At all times referred to herein, Defendant, Deputy Joshua Johnson (hereinafter "Johnson"), was a duly employed Deputy Sheriff employed by the Sheriff of New Madrid County, Missouri.

12. Plaintiff sues Defendant Johnson in his individual capacity.

13. At all times referred to herein, Defendant Johnson acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, New Madrid County and the New Madrid County Sheriff, pursuant to his authority as a Deputy Sheriff.

14. The Defendant, Jailer John Doe, is a natural person.

15. At all times referred to herein, Defendant, Jailer John Doe (hereinafter "Jailer"), was a duly employed Deputy Sheriff employed by the Sheriff of New Madrid County, Missouri.

16. Plaintiff sues Defendant Jailer in his individual capacity.

17. At all times referred to herein, Defendant Jailer acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, New Madrid County and the New Madrid County Sheriff, pursuant to his authority as a Deputy Sheriff.

## FACTS OF ARREST

### Excessive Force

18. Eddie Clark is a resident of 324 CR 725, New Madrid, Missouri and was on November 2, 2009 in his home, together with his wife, Judy, her son Travis and his son, Eddie "Bullet" Clark.

19. Bullet jumped Travis, starting a fight, which prompted the Plaintiff's wife to call 911 and the Plaintiff to stop the fight.

20. New Madrid County dispatched Defendants Ware and Johnson.

21. By the time the officers arrived, Bullet had fled the scene.

22. The Plaintiff answered the door at the arrival of the patrol vehicle in the front yard.

23. The Deputy who exited the driver's side of the vehicle announced "Someone is going to jail tonight."

24. After the deputies approached the front steps, they asked the Plaintiff to step outside, which he did.

25. The Plaintiff had gotten in the middle and broken-up the fight between Bullet and Travis, naturally resulting in the Plaintiff having blood on his face.

26. Although the deputies' suspicions were naturally aroused, the Plaintiff's wife came to the front door and explained that the altercation had occurred between the son and step-son and the assailant had fled the scene.

27. The Plaintiff does not dispute that during the course of this encounter he told the deputies to "get the fuck off my property" and further asked whether they "had ever been jerked off with a handful of cockle burs."

28. The deputies directed and the Plaintiff complied with the command to sit in the chair on the front porch.

29. After it was explained to the deputies that the assailant had fled the scene and there was no longer a need for their presence, the Plaintiff got out of the chair and moved in the direction to re-enter his home.

30. When the Plaintiff had one foot in the door and one foot on the porch, one of the officers insisted on interceding by tapping the Plaintiff on his shoulder to get his attention.

31. In response to the tap on the shoulder, the Plaintiff naturally turned to see the nature of the inquiry.

32. The deputies, having tapped the Plaintiff on the shoulder, were apparently surprised the Plaintiff turned around and the deputies slammed the Plaintiff into the porch rail.

33. The deputies seemed further stunned that the Plaintiff refused to remove his hands from the porch rail to assist in the deputies arresting the Plaintiff.

34. Defendant Ware then deployed his tazer but, rather than using it in the traditional manner, chose to use the "drive-stun" mode.

35. When a tazer is used in the drive-stun mode, it does not induce a neuromuscular interference rather it is employed solely for the infliction of pain.

36. After Deputy Ware inflicted great physical pain in the middle of the Plaintiff's back, he was handcuffed.

37. Even though the Plaintiff was, at this point, handcuffed, Defendant Ware again deployed the tazer in the drive-stun mode, by not once but twice, administering shocks to the center of the Plaintiff's chest.

38. After the deputies escorted the Plaintiff to the police car, while he was still in handcuffs, the deputies would twice more shock the Plaintiff and the final time cause severe electrical burns to the Plaintiff.

39. At no point during the repeated multiple drive-stun electrical shocks did Deputy Johnson ever attempt to intercede, stop or redirect Deputy Ware.

40. There is no conceivable felony the Plaintiff might have committed on his front porch and he was only ever charged with the misdemeanor of attempted assault on a law enforcement officer, a misdemeanor, which charges were eventually dismissed.

41. Upon being booked into the New Madrid County Jail, the Plaintiff was told to strip out of his clothing and issued inmate, striped pajamas.

<u>COUNT I</u>

**42 U.S.C. § 1983
Civil Rights – Defendant Ware**

COMES NOW the Plaintiff, and for his cause of action against Defendant Ware, states further as follows:

42. The Plaintiff reincorporates by reference as if more fully set forth herein paragraphs 1 through 41.

43. Defendant Ware repeatedly administered drive-stun shocks from a tazer to the Plaintiff after he was handcuffed on what was apparently the charge of exercising First Amendment freedoms in a manner too colorful for the deputies to tolerate.

44. The Defendant Ware's decision to continue to administer electrical shocks from a tazer using the drive-stun deployment method after the Plaintiff was handcuffed was an excessive use of force.

45. As a direct and proximate result of the aforesaid unlawful and malicious physical abuse of the Plaintiff by Defendant Ware, all committed under color of law and under authority as a New Madrid County Deputy Sheriff, Plaintiff suffered bodily injury and was deprived of his right to be free from unreasonable seizures of his person and protected liberty interests and his bodily integrity, including his right to be free from the excessive use of force, in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, as made actionable pursuant to 42 U.S.C. §§ 1983 & 1988.

46. The Plaintiff was caused to suffer bruising, abrasions and electrical burns, some of which continued to seep puss for weeks, interrupting the Plaintiff's natural sleep patterns and prohibiting him from sleeping in his side, and continuing pain in his left leg and numbness in the left foot, coupled with great emotional and mental anguish.

47.     As indicated by relevant medical records, the Plaintiff's injuries continued to be marked and noticeable by medical personnel more than six weeks after the Defendant Ware tazered the Plaintiff in the drive-stun mode.

48.     The acts of Defendant Ware, as described, were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the Plaintiff's rights, thus entitling the Plaintiff to an award of punitive damages against Defendant Ware.

49.     If the Plaintiff prevails and is awarded actual or nominal damages, he is entitled to an award of attorney's fees, pursuant to 42 U.S.C. § 1988.

WHEREFORE the Plaintiff prays for Judgment against Defendant Ware for nominal or compensatory damages in an amount which is fair and reasonable; for punitive damages; for his costs incurred herein; for attorney's fees; and, for such further relief as the court deems just and meet.

## COUNT II

### 42 U.S.C. § 1983
### Civil Rights – Defendant Johnson

COMES NOW the Plaintiff and for his cause of action against Defendant Johnson, states further as follows:

50.     The Plaintiff reincorporates by reference as if more fully set forth herein paragraphs 1 through 49.

51.     At no point during the events described above did Defendant Johnson act to intervene, stop, redirect or even question the actions of Defendant Ware.

52.     Uniformed members of law enforcement operations are required under penalty of liability to attempt to step-in, intervene and halt another law enforcement officer's violations of a detainee's known and clearly identified constitutional rights.

53.     If the Plaintiff prevails and is awarded actual or nominal damages, he is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE the Plaintiff prays for Judgment against Defendant Johnson for nominal or compensatory damages in an amount which is fair and reasonable; for punitive damages; for his costs incurred herein; for attorney's fees; and, for such further relief as the court deems just and meet.

## COUNT III

**Strip Search in Violation of State Law, RSMo §§ 544.193 *et seq.*
Missouri Strip Search Statute as a Protected Liberty Interest –
Defendant John Jailer**

COMES NOW the Plaintiff and for his cause of action against Jailer John Doe, alleging a violation of Missouri's strip search statutes, as well as a constitutional violation of the protected liberty interest created by Missouri's strip search statute, states further as follows:

54. The Plaintiff reincorporates by reference as if more fully set forth herein paragraphs 1 through 41.

55. The Defendant Jailer did accept into custody the Plaintiff, as surrendered by Defendants Ware or Johnson.

56. Defendant Jailer knew or was aware that the most the Plaintiff would ever be accused of was a misdemeanor.

57. Defendant Jailer would eventually decide to hold the Plaintiff in the "drunk tank".

58. However, Defendant Jailer, during the course of processing the Plaintiff, ordered him to strip completely out of his clothes, surrender the same and accept the issuance of prison, inmate's black and white striped pajamas.

59. As a direct and proximate result of the actions of Defendant Jailer, the Plaintiff suffered and was deprived of his right to be free from unreasonable searches and seizure of his person and invasions of his personal dignity, as well as the protected liberty interests created by Missouri law pursuant to RSMo § 544.193.

60. As a direct and proximate result of such conduct by Defendant Jailer, as described, the Plaintiff suffered injuries, including emotional distress.

61. The acts of Defendant Jailer were intentional, malicious, oppressive, reckless and callously indifferent to the Plaintiff's rights thus,

entitling the Plaintiff to an award of punitive damages against Defendant Jailer.

62. The Plaintiff has a right to seek punitive damages even under State law, pursuant to RSMo § 544.195.2.

63. If the Plaintiff should prevail and be awarded nominal or actual compensatory damages, this Court may award reasonable attorney's fees, as allowed by RSMo § 544.195.2.

64. If the Plaintiff should prevail in regards to the protected liberty interests created by the State law, the Plaintiff is entitled to the recovery of reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE the Plaintiff prays for Judgment against Defendant Jailer for nominal or compensatory damages in an amount which is fair and reasonable; for punitive damages; for his costs incurred herein; for attorney's fees; and, for such further relief as the court deems just and meet.

>*/s/ John M. Albright*
>John M. Albright - 44943
>MOORE, WALSH & ALBRIGHT, L.L.P.
>Attorneys at Law
>P.O. Box 610
>Poplar Bluff MO  63902-0610
>573/785-6200
>albright@moore-walsh.com
>ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| STATE OF MISSOURI | ) |
| | ) ss |
| COUNTY OF BUTLER | ) |

 Eddie Clark, being duly sworn upon his oath states that he is the Plaintiff and the facts stated in his Complaint are true and correct according to his best knowledge, information and belief.

_____

Eddie Clark